IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE PENNSYLVANIA

KENNY JACOBS,                    :
    Petitioner            :
vs.                              :   1:Cr-01-139
UNITED STATES OF AMERICA    :   Hon: Yvette Kane
    Respondent            :

FILED
WILLIAMSPORT, PA

JUN 2 4 2005

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

MOTION FOR 'CITATION OF AUTHORITY' PURSUANT
TO RULE 28(j), TO FORTHWITH RECALL ,
AND CORRECT THE 132 MONTHS SENTENCE
MANDATE OF THIS COURT, IMPOSED 04-22-2002,
IN SUPPORT THEREOF; THE U.S. SUPREME
COURT JUSTICES DECISION 5-4, ON 1-12-2005,
@: BOOKER.

TO THE HONORABLE YVETTE KANE, JUDGE OF THE SAID COURT:

Petitioner brings this court attention to the recent decision by The U.S.Supreme Court in BLAKELY vs. WASHINGTON, 2004 WL 1402697, BOOKER, 04-104, and FANFAN, 04-105 ( decided 01-12-2005 respectively). Pursuant to the federal rule of appellate procedure 28(j) , as this recent case authority was not available at the time petitioner's 132 months sentence was imposed on 04-22-2002, before the honorable Yvette Kane.

In support thereof BOOKER, FANFAN, AND BLAKELY The Supreme Court overturned a sentence enhancement that was not based on facts admitted in the petitioner's guilty plea. Although the BLAKELY, AND BOOKER holding reversed a state court decision, the decision was based on the principles of Constitutional Sixth Amendment and is applicable

-2-

to federal cases as well. Specifically, The Supreme Court in **BLAKELY** said that each and every sentence enhancement that requires a finding of fact must be proven to a jury beyond a reasonable doubt. In other words, the maximum sentence a judge can impose must be based on <u>facts</u> <u>reflected</u> in the jury verdict or <u>admitted</u> by the petitioner. As **BLAKELY'S** dissenting opinions recognized with the new supreme court's ruling of 01-12-2005 that there is no constitutionally significant distinction bewteen the guidelines and the Washington procedure at issue in that case, likewise in this litigating case at hand for petitioner, same did  occurred as in  **BLAKELY, AND BOOKER.**

**However,** here this district court improperly miscalcuated petitioner base offense level from <u>32</u> to <u>40</u> (as erroneously calculated in the PSI of this case matter, whereby,  Base Offense level of <u>32</u> is justify and constitutionally, pursuant to **Drug Table, §2D1.1 : @: Level 32: 'AT LEAST 5KG BUT LESS THAN 15KG OF COCAINE (or the equivalent amount of other Schedule 1 or 11 ) ),** whereas,  the  Plea agreement jointly admitted by the Government and the petitioner, signed **11-08-01,** filed in this court  **11-16-2001 "** stipulates**:**  A Violation Of Title 21, USC §846, Criminal Conspiracy to Distribute  and Possess With Intent To Distribute <u>**5 kilos**</u>  and more Of Cocaine Base, a/k/a "crack," and  a quantity of  marijuana. " [2]. **This** Court improperly enhanced petitioner's with **<u>2 points</u>, @: PSI, 'Special Offense Characteristics: Because a firearm was possessed, two levels are added.** Because,this court believed it found <u>clear</u>  and   <u>convincing</u> evidence that petitioner's is involved in the distribution, therefore, it enhanced petitioner's sentence with <u>**45-62 months**</u> from <u>132 months</u> from constitutionally

-3-

authorized sentence to **70-87 months** ( upon deduction of the three(3) points for acceptance of responsibility, takes the Offense level to **27** constitutionally justified, carrying the **70-87 months** of imprisonment terms ) pursuant to section 3C1.1 of the federal sentencing guidelines. Pursuant to **BLAKELY** petitioner's sentence should not have been boosted unconstitutionally because of the underlying facts for the district court's determination that petitioner's involvement in the Criminal conspiracy to distribute and possess with intent to distribute **5** kilos and more of Cocaine and Cocaine base, when petitioner was **never** involved were neither presented to the jury, not found to be proven beyond a reasonable doubt; SEE: **BLAKELY**, @: 77, n. 111.

To wit, Your Honorable Yvette Kane, The Plea Agreement of this case matter was concurred to and sealed at sentencing promised of **70-87 months only** ( due to the 5 kilos Cociane and Cocaine base involved) to the petitioner by the defense counsel then advised ( **Dennis E. Boyle Esq,** 3rd Street, 18th floor, P.O.BOX. 840, Harrisburg, PA. 17108-0840 ), The Government representative Christy Fawlett, AUSA, and The Court ( Please review the Plea Agreement transcripts of this styled case matter entered November 16, 2001, to **5 kilos and more** Of Cocaine and Cocaine Base aka "crack" in violation of 21 USC§846, before your honorable Yvette Kane, which was admitted by the petitioner at Offense level **27**, Cr. History One(1), **70-87 months**. But, however, at sentencing hearing 04-22-2002, petitioner was sentenced to **132 months** which was erroneously enhanced by **45-62 months** making petitioner

to be unconstitutionally inflicted with **132 months** imprisonment which violated petitioner's **Sixth Amendment rights**; Your Honorable Yvette Kane, This court erroneously sentenced petitioner to **132 months in lieu of 70-87 months,** Your Honor, this court should have imposed, based on the facts proven to the petitioner or to the jury beyond a reasonable doubt, hence, the defense counsel as at the time, lack interest in this case matter.

Furthermore, the **62** months unjust enhancements was never stipulated in the petitioner's case indictment; perhaps, petitioner foreshadowed by The U.S.Supreme court opinions in **BOOKER, FANFAN, SUPPORTED WITH JONES vs. USA, 526 U.S. 227 (1999),** construing a federal statute. The **fourteenth(14)** Amendment commands the same answer in this case involving **62 MONTHS** unjustly enhancing petitioner's from constitutional complied sentence of **70-87 months ( @; Level 27 )** to **132 months.**

**Annexed hereto,** petitioner submits in application that: "here this court improperly enhanced his imprisonment terms with **62 months.** **Based** on the new supreme court ruling in the **BLAKELY, BOOKER, FANFAN** case, also holds petitioner's defense counsel ineffective under the **Sixth** Amend. to effective assistance, in which; the **Sixth** Amend. require. Petitioner's then defense counse Dennis E. Boyle were, in fact, ineffective to allow this court to make such violation, by not providing an adequate defense on behalf of his client (petitioner), and for his best interest during the dur process; counsel Dennis E. Boyle Esq failed to challenge such violation of petitioner's

constitutional right of the Sixth Amend. to jury's determination. And / or failed to request and provide an adequate defense at an evidential hearing, to do the **APPRENDI** ruling, for sentencing purposes.

Based upon the supreme court ruling in **BLAKELY, APPRENDI vs. NEW JERSEY, 530 U.S. 466, 490 (2000), BOOKER, 04-104, FANFAN, 04-105** cases on same violation of the petitioner Sixth Amend. to jury's determination. The question in the justices' order and opinions were: **"What to do at a time like this, when trial is over and there isn't any jury to determine any enhnacements for the Base Offense Level on the Cocaine and Cocaine base drug amount ? "** Your Honorable **Yvette Kane** shall forthwith took the position of a jury, by determining the preponderance of the prosecuting evidence, crime gravity, the **45-62 months** enhancements, and the counts, in which, the petitioner pled guilty to, thus; were still inflicted with enhancement of **45-62 months**. Such determination by the judge's boosted the petitioner sentence, applying the maximum of **132 months** in light of, this court judge's determination and **APPRENDI, BOOKER, FANFAN, and BLAKELY.**

## CONCLUSION

Given The Supreme court's recent decision in **BOOKER, FANFAN, and BLAKELY,** petitioner's **132 months** sentence should be forthwith vacated, reversed, constitutionally rectified, and the case should be scheduled for resentencing, because the jury never determined petitioner's ( 2 points enhancement due to Special Offense Characteristic, for a firearm ) or obstruction of justice never took place or impeded the administration of Justice.

—6—

WHEREFORE, PETITIONER PRAYS THROUGH THIS COURT TO <u>FORTHWITH</u> GRANT HIM A NEW HEARING FOR THE PURPOSE OF RESENTENCING INTO LOWER TERM OF IMPRISONMENT <u>70-87</u> <u>MONTHS</u> AS CONSTITUTIONALLY DEEMED APPROPRIATE AND JUST BY THIS COURT.

JUNE 22, 2005                          RESPECTFULLY SUBMITTED

*[signature]*
JACOBS, KENNY 10663-067/pro-se

FCI-LORETTO, P.O. BOX. 1000,

LORETTO, PA. 15940

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Motion upon all parties to this cause by depositing a copy, in the certified U.S. Mail, addressed to the following:-

Hon. Yvette Kane,
U.S.D. Court Middle PA.,
240 W. Third Street,
Williamsport, PA. 17701
cert# 70041160000717153887

The Court Clerk,
U.S.D. Court Middle Pennsylvania,
240 W. Third Street,
Williamsport, PA. 17701
cert# 70041160000717153863

Christy Fawlett, AUSA
Middle Pennsylvania District,
P.O. Box 11754, Room 218
Fed. BLDG.,
Harrisburg, PA. 17108

June 22, 2005

JACOBS, KENNY
Pro-se / 10663-067
FCI, P.O. BOX. 1000,
LORETTO, PA. 15940