IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 1:CR-01-139-01 |
| v. : | |
| : | (Judge Kane) |
| KENNY JACOBS, : | |
| Movant : | |
| : | |

**ORDER**

**BACKGROUND**

The movant in the above-captioned case is a person in custody pursuant to the judgment of a court established by Act of Congress. This order is issued to provide the petitioner with the notice required under United States v. Miller, 197 F.3d 644 (3d Cir. 1999). See also Adams v. United States, 155 F.3d 582 (2d Cir. 1998).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, Title I, §§ 101-108, 110 Stat. 1214, 1217-21 (1996), had the effect of limiting the time in which a person in custody pursuant to the judgment of a court established by Act of Congress could challenge the validity of the judgment under the Constitution and laws of the United States. 28 U.S.C. § 2255. Also, a district court may entertain a second or successive motion only if the movant first obtains leave to file the second or successive motion from the Court of Appeals, 28 U.S.C. § 2255, 2244 (b)(3), and a claim presented in such a motion may be reviewed only in even more limited circumstances. 28 U.S.C. § 2255.

1

The motion to vacate sentence filed in the above-captioned matter may be read as asserting that the movant is in custody in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. The proper avenue of relief for such a motion, petition or pleading, when filed by a person in custody pursuant to the judgment of a court established by Act of Congress, is 28 U.S.C. § 2255, even when the movant or petitioner does not so designate the motion, petition or pleading.

**Due to the time limit and limits on second or successive motions, you should be aware that you may be barred from presenting in a future motion, petition or pleading any claim not presented at this time. The failure to present a claim at this time may waive or forfeit forever the right to present the claim to a federal court.**

You will be given several options which you should read carefully before deciding how you wish to proceed in this matter. Please remember that the option you choose will be binding on you with respect to the time limit on the filing of a motion to vacate, set aside, or correct sentence under § 2255 as well as the limit on second or successive petitions under § 2255.

If you have not labeled your motion, petition or pleading as a petition for a writ of habeas corpus under § 2255, you may elect to proceed with the motion as filed or you may elect to have the motion, petition or pleading re-characterized as one under § 2255. If you elect to proceed with the motion, pleading or paper as filed, you should be aware that (1) if the proper authority is § 2255, the motion, petition or pleading maybe denied on that basis, and (2) the time limit for filing a petition under § 2255 may not be tolled during the pendency of the motion as filed.

2

If you elect to have the motion, petition or pleading re-characterized as one under § 2255, you should be aware that any claim not presented may be lost due to the limit on second or successive motions. Under these circumstances, if you have not included all of the claims you wish to assert, it may be better to withdraw the motion, petition or pleading so that you may file one, all-inclusive petition under § 2255. If you choose to withdraw your motion, petition or pleading, remember that your all-inclusive petition must be filed within the one-year limit under § 2255.

If you already have labeled your petition as a motion to vacate, set aside, or correct sentence under § 2255, you should remember that any claim not presented may be lost due to the limit on second or successive motions. Under these circumstances, if you have not included all of the claims you wish to assert, it may be better to withdraw the motion so that you may file one, all-inclusive petition under § 2255. If you choose to withdraw your motion, remember that your all-inclusive motion must be filed within the one-year limit under § 2255.

You must file with the court a notice of election indicating how you have chosen to proceed within 45 calendar days from the date of this order. (The date of filing for incarcerated persons is the date on which the notice is delivered to prison authorities for mailing to the court.) For purposes of the time limit under § 2255, the time is tolled so that you may consider your decision. That is, the time from the date of this order through the date of filing of the notice of election is not counted, but the tolling period will not exceed 45 days.

To summarize, then, your options will be as follows:

<u>Motion not labeled as a § 2255 motion</u>
  -Have the court rule on the motion as filed
  -Re-characterize the motion as a § 2255 motion
  -Withdraw motion for filing of more complete motion

<u>Motion labeled as a § 2255 motion</u>
  -Have the court rule on the motion as filed
  -Withdraw motion for filing of more complete motion

**Additionally, without making any ruling on Movant's claims, the Court wishes to inform Movant of the recent Third Circuit decision in <u>Lloyd v. United States</u>, 407 F.3d 608 (2005), in which the Court of Appeals held that <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), does not apply retroactively to motions under § 2255 where the judgment was final as of January 12, 2005.**

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Movant is directed to complete and file the enclosed Notice of Election within 45 calendar days from the date of this order.

2. Failure of the movant to comply with this order will result in the court's ruling on the motion, petition or pleading as captioned.

3. The time from the date of this order through the filing of the Notice of Election shall toll the time period prescribed by 28 U.S.C. § 2255.

_____
Yvette Kane
United States District Judge

Dated: 7-1-05

4