UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

APR 21 2008

MARY E. D'ANDREA, CLERK
Por _____
Deputy Clerk

JACOBS KENNY,
   Petitioner,

     -v-                    Case No. 1:CR-01-139-001 (Kane)

UNITED STATES OF AMERICA,
   Respondent,

---

MOTION FOR DOWNWARD DEPARTURE PURSUANT
TO TITLE 18 U.S.C. §3582(C)(2)

---

**NOW COMES**, Jacobs Kenny, (pro se in forma pauperis) petitioner here-in-after and moves this Honorable Court pursuant to Title 18 USC Section §3582(c)(2) and Amendment 9 to the U.S.S.G. pertaining to involving crack cocaine and U.S.S.G. §1B1.10(a) for a downward departure of two (2) levels of his sentence base on the following:

JURISDICTION AND VENUE

The Honorable Court has jurisdiction of the above name matter as the Court imposed sentence and based on the retro-active-crack-amend-ment of November 1, 2007, the U.S.S.G. Section 1B1.10(a) the Honorable Court has subject matter jurisdiction, to take effect on March 3, 2008.

BACKGROUND

Petitioner was sentenced on April 4, 2002, by the Honorable Judge Yvette Kane, to a term of 106 months for violation of §841(b)(1)(B), level of offense 37, category I, and therefore petitioner submits that he is eligible for a two (2) level reduction pursuant to USSG Section

-1-

2D1.1.(a)(3)(C), in light of the United States Sentencing Commission
making the new sentencing guidelines to crack cocaine offenses retro-
active.

## FACTS

Petitioner is eligible for a reduction of two (2) levels based
on Section 2D1.1(c) of the guideline range under the proposed amend-
ment which states:

1. <u>Crack Amendment</u>: The Amendment reduces crack penalties
   by two points under Section 2D1.1.(c). If the judge has
   been opposed to vary from the crack guidelines; there is
   now at least authority to knock off 2 points that the
   Commission acknowledges should go. As stated in the USSG's
   press release, the rationale for 2 points off is that the
   Commission made the crack guidelines 2 points higher than
   was necessary to reach the mandatory minimum level for a
   first offender with no other adjustment. See http://WWW.
   gov/press/rel1110407.htm.

2. U.S.S.G. Section 1B1.10(a) states in part:

   "Where a defendant is serving a term of imprisonment, and
   the guidelines range applicable to that defendant has
   subsequently been lowered as a result of an amendment to
   the guidelines manual listed in subsection (c) below, a
   reduction in the defendant's term of imprisonment is
   authorized under Title 18 U.S.C. Section 3582(c)(2).

3. Fourth Circuit precedent suggest that nothing more than
   the within motion required in order for Amendment 9 to
   be proper basis for a §3582 motion. See <u>United States v.
   Fletcher</u>, 74 F. 3d49, 56 (4th Cir. 2004), (stating that,
   because the Amendment relied on by the petitioner was in
   §1B1.10, a sentence reduction is authorized...pursuant to
   Title 18 U.S.C. §3582(c)(2). See also <u>United States v.
   Goines</u>, 357 F.3d 469, (4th Cir. 2004).

In petitioner's case a base offense level specified in the Drug
Quantity Table Section 2D.1(c)(4) was set and after all litigating
factors were considered the Adjusted Total Offense level came up to
37. The base offense level applied in this case was derived from the
same proposed amended Section 2D1.1(c). Petitioner is eligible for

a two (2) points reduction.

At present petitioner has been incarcerated a total of 72 months which is practically time served, petitioner is currently schedule for release on February 7, 2009.

Petitioner would also like the Honorable Court to consider, under Title 18 U.S.C. Section §3582(a), his rehabilitation process since his incarceration. Petitioner has numerous educational cerfficates and his conduct throughout his incarceration has been outstanding. The Court should also take into consideration petitioner's age at the time he committed the offenses. Accordingly, the Honorable Court may con-sider and should consider factors that where not considered at the time of sentencing, such as families ties, family responsibility, work history and acomplishment before and after sentencing.

Petitioner would also present for the Court to consider that he is not an attorney and does not have legal or professional background pertaining to drafting or filing a motion. The petitioner prays that the Court would liberally construe his petition for modification of term of imprisonment Title 18 U.S.C. §3582(c) in light of the Supreme Court ruling Haines v. Kerner, 404 US 519, 30 L. Ed. 652 (1972); Also, Cruz v. Beto, 405 US 319.

As squarely stated by the Second Circuit in Soto v. Walker, 441 F. 3d 169 (2nd Circuit 1995), "pro se motions must be liberally construe and interpreted to raise the strongest arguments that they suggest." (Id. at 173).

CONCLUSION

THEREFORE, petitioner prays and request that the Honorable Court grant his petition for a reduction of sentence based on the aforegoing facts pursuant to 18 U.S.C. Section §3582(c)(2), 18 U.S.C. Section §3553 (a) U.S.S.G. Section 2D1.1(a)(3)(C), or as the Honorable Court deems just and proper.

Respectfully submitted,

Jacobs Kenny, ProSe,

Dated this day *16* of April 2008.

Under 28 U.S.C. Section §1746, "I declare, under penalty of perjury that the aforegoing, Motion (petition) for downward departure is true and correct to the best of my ability."

CERTIFICATE OF SERVICE

I have this *16* day of April 2008, sent via first class mail, postage prepaid, placed in the Mohannon Valley Correctional Center mailbox, a true and correct copy of a Motion for Downward Departure, to the Assistant United States Attorney for the Middle District of Pennsylvani, whose address is P.O. Box 11754, Room 218, Federal BLG. Harrisburg, Pa 17108.

Respectfully submitted,

Jacobs Kenny, Pro-Se,

## AFFIDAVIT OF JACOBS KENNY

I, Jacobs Kenny, attest that I have not an incident report since my arrival at Moshannon Valley Correctional Center, I have enrolled in educational programs so that upon my release from incarceration, I can be a better person and contribute to society, be a better educated and productive member of society, be able to help in the education of my children and other human beings.

I attest that I have learned a very hard lesson in life and would like to assist others by relating my experience and my story for others not to follow in my foot steps. I can assure any person that I have rehabilitated since my incarceration years ago. I have become a more understanding, responsible, considerate, loving, experienced, humble, have matured and most important have realized the mistake that I had made in life, which I am truly sorry. Today I can say; "I HAVE LEARNED MANY THINGS IN LIFE, I have learned what drugs can do to a person, what drugs can do to a family, what drugs can do to society and my self."

Sincerely,

Jacobs Kenny

Dated this 15th day of April 2008.
Under penalty of perjury, "I
declare under 28 U.S.C. §1746,
that the foregoing is trues and
correct to the best of my ability.

Signature of Notary,

Printed Name of Notary

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Ann M. Butler, Notary Public
Decatur Twp., Clearfield County
My Commission Expires April 28, 2009
Member, Pennsylvania Association of Notaries

Seal of Notary

04/26/2009
Commission Expires on.

-5-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
                                  :
                                  :
                                  :
    v.                            :
                                  :        Case No. 1:CR-01-139-001 (Kane)
                                  :
                                  :
Jacobs   Kenny                    :
    Defendant,                    :
_____ :

### FORMA PAUPERIS DECLARATION

I, Jacobs Kenny, do hereby certify that I'm not a United States
Citizen, that because of my poverty, I am unable to paty the
cost of said motion or action; that I am unable to give security
for the same; and that I believe I am entitled to the redress
I seek, in said motion or action.

I have in my prison account $231.24.

Executed in my current institution M.V.C.C., Philisburg, Pa
I declare under penalty of perjury that the foregoing is true
and correct. Dated this 4/26/08.

_____
Signature of Petitioner

### CERTIFICATE

I hereby that the petitioner herein has the sum of $231.24 on
account to his credit at M.V.C.C, Philispburg, Pa 16866, I
further certify that petitioner likewise has the following
securities to his credit according to the records of this
institutions.

_____
Signature of the Prison Authority Figure

-6-

## CHANGE OF ADDRESS

Jacobs Kenny
Reg. No. 10663-067
M.V.C.C, Unit B-2
555 I Cornell Drive
Philipsburg, Pa 16866

## TO WHOM IT MAY CONCERN

Dear Sir/Madam:

This correspondence letter is to inform you that my address has been changed and all future correspondence should be forward to me as referenced above.

Your cooperation by furnishing my request in a timely manner will be highly appreciated.

Respectfully submitted,

Jacobs Kenny
Reg. No. 10663-067



# Department of Corrections
## SCI-Laurel Highlands
## Certificate of Completion

This is to certify that

**Kenny Jacobs**

has successfully completed a 40 hour course in

Inmate Volunteer Program

sponsored by the Department of Corrections

March 15, 2002

_Fredric A. Rosemeyer/Superintendent_

_Annette Kowalewski, C.H.C.A._

_Program Instructor_

# INMATE LONG TERM CARE VOLUNTEER JOB DESCRIPTION

The Inmate Hospice and Long Term Care Volunteer (LTC) provides personalized care to terminally ill and LTC patients as a provider of support. The functions of this position include companionship; emotional support, the provision of care and comfort measures; and may include spiritual support, if both the volunteer and patient so desire.

All volunteer functions will be assigned at the discretion of the CHCA and with the approval of the Superintendent or his designee.

*Volunteer Functions:*

1. Companionship Functions:

   a. Reading books and letters to the patient

   b. Assisting in writing letter

   c. Reading the Commissary lists and checking off what the patient wants

   d. Filling water pitchers and passing out water pitches and snacks

   e. Playing games with the patient, i.e. cards, dominoes, puzzles, etc.

   f. Transporting the patient to and from programs and appointments (wheelchair pusher)

   g. Talking with the patient about his fears and concerns, and allowing the patient to talk about the past, i.e. Life Review

   h. Sitting quietly if the patient does not want to talk, but does not want to be alone

2. Care and Comfort Measures:

   a. Setting up food trays by unwrapping food, opening food containers, opening up the cover on straws, buttering bread and cutting food

   b. Assisting the staff with making an occupied bed

# Certificate of Completion

We hereby recognize

**Kenny Jacobs**

for having successfully completed 48.5 out of 53.5 hours of instruction in the

G. E. D. Course

Awarded this 15th day of March, 2002 sponsored by the Bureau of Correction Education at the State Correctional Institute at Laurel Highlands

_Evelyn Brooks_

Instructor

1DL63-069



# DIPLOMA

## Commonwealth of Pennsylvania
## Department of Education

In recognition of having met the requirements for issuance of the Commonwealth Secondary School Diploma as set forth in Title 22, Section 4.72 of the Pennsylvania Code, this diploma is conferred upon

**KENNY A. JACOBS**

**Date Issued**    10/11/2002

Given under the seal of the
Department of Education
Commonwealth of Pennsylvania
at Harrisburg

Secretary of Education

Diploma Number
2844240

PDE-191 (4/99)



*SCI LAUREL HIGHLANDS*

*Alcohol and Other Drugs Treatment Services*

*This Certificate Is Presented To:*

*Kenny Jacobs*

*ES-3229*

*For successful participation in*

*Twelve Week*

*Relapse Prevention*

DATS II

D ATS Supervisor

**May 13, 2003**

Date

# SCI LAUREL HIGHLANDS
## Alcohol and Other Drugs Treatment Services

*This Certificate Is Presented To:*

## Kenny Jacobs
## ES3229

*For successful participation in*
*The Twelve Week*

## Alcohol and Other Drugs Education

*D. Coolbaugh*
DATS Supervisor

__August 15, 2003__
Date



# On Job Training Certificate

*This certificate is awarded to the undersigned for completion of one 4-hour block of practical instruction on soldering techniques per J-STD-001. The certificate permits the undersigned to solder in the factory under tutelage of his assigned mentor, and officially enrolls them in Loretto's On Job Training Program.*

**K. JACOBS**        **10663-067**        **44**

Name        Reg#        Chit #

**GENNINGS**        47        **MR. CALLAHAN**        1

Mentor        Chit        Cable Supervisor        Crew

_____        _____

Quality Assurance Mgr.        J-STD-001 Instructor

COMPLETION DATE: JULY 2004

# F.C.I. Loretto, PA
## Certificate Of Completion

July 22, 2004

This certificate is presented to

*Kenny Jacobs 10663-067*

for your completion of the

## Drug Abuse Education Program

W.T. Maguire, B.S., DATS

J. Lehman, PSY.D., DAPC



*Certificate*

*of*

*Completion*

May it be known that this Certificate has been presented to

Kenny Jacobs

### For the successful completion of

Finance & Accounting for the Non-financial Manager

Presented this

Eighth    Day of

October , 2004

M.C. Stolz, ACE Coordinator

No. 5412 10th ........Series

# 𝕸arriage 𝕷icense

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF CAMBRIA

TO ANY PERSON AUTHORIZED BY LAW TO SOLEMNIZE MARRIAGE

You are hereby authorized to join together in the holy state of Matrimony, according to the laws of the Commonwealth of Pennsylvania.

KENNY ALSTON JACOBS SR                    of full age and heretofore never married,

NICOLE R OVERMILLER                       of full age and heretofore never married,

Given under my hand and seal of the Orphans' Court of said County of Cambria

at Ebensburg, this 26th ........ day of ............ August ............ A.D. 2005

*Patty J. Sharbaugh* ......Clerk.

Valid only for marriage performed in Pennsylvania, and within sixty days from the date hereof. Please retain for your records.

CAUTION - Make Return of Marriage Promptly

# 𝕸arriage 𝕮ertificate

No. 5412 10th ........ Series

I, Bayse H. Reedy Jr ........................, hereby certify

that on the 23rd ........................, 2005

at Loretto, PA

Kenny Alston Jacobs and Nicole R. Overmiller

WERE BY ME UNITED IN MARRIAGE



# ADMIRAL PEARY AREA VOCATIONAL-TECHNICAL SCHOOL

*This is to Certify that*

KENNY A. JACOBS, SR.

has satisfactorily completed ___42___ hours of instruction in ___MICROSOFT WORD 2003___

as prescribed by Admiral Peary Area Vocational Technical School and in testimony is awarded this

## Certificate of Achievement

Given at Ebensburg, Pennsylvania this ___9TH___ day of ___DECEMBER___ ___2005___ A.D.

_____
School Administrator

_____
Director of Vocational Education

_____
President of the Board

_____
Secretary of the Board



# ADMIRAL PEARY AREA VOCATIONAL - TECHNICAL SCHOOL

*This is to Certify that*

KENNY A. JACOBS, SR.

has satisfactorily completed _____ 39 _____ hours of instruction in _____ MICROSOFT EXCEL 2003 _____

as prescribed by Admiral Peary Area Vocational Technical School and in testimony is awarded this

## Certificate of Achievement

Given at Ebensburg, Pennsylvania this _____ 26TH _____ day of _____ JANUARY _____, 2006 A.D.

Chief School Administrator

Director of Vocational Education

President of the Board

Secretary of the Board



## ADMIRAL PEARY AREA VOCATIONAL-TECHNICAL SCHOOL

*This is to Certify that*

KENNY A. JACOBS, SR.

has satisfactorily completed ___ 33 ___ hours of instruction in ___ MICROSOFT POWERPOINT 2003

as prescribed by *Admiral Peary Area Vocational Technical School* and in testimony is awarded this

### Certificate of Achievement

Given at *Ebensburg, Pennsylvania* this ___ 10TH ___ day of ___ MARCH ___ 2006 A.D.

_____
President of the Board

_____
Secretary of the Board

_____
Chief School Administrator

_____
Director of Vocational Education

BP-S187.058  **PROGRESS** REPORT CDFRM
JUN 98

**U.S. DEPARTMENT OF JUSTICE**                 **FEDERAL BUREAU OF PRISONS**

| Institution Name, Address, & Telephone No.<br>Federal Correctional Institution<br>P.O. Box 1000, Loretto, PA 15940<br>(814) 472-4140 | Date<br><br>04-03-07 |
|---|---|

<table>
<tr><td colspan="3" align="center">Inmate Reviewed</td></tr>
<tr><td>Inmate's Signature</td><td>Date<br>April 18, 2007</td><td>Staff Signature<br>Michael C. Cleveland</td></tr>
</table>

1. Type of Progress Report

      ☐ Initial     ☐ Statutory Interim    ☐ Pre-Release
  ☐ Transfer   X Triennial     ☐ Other (Specify)_____

| 2. Inmate's Name<br>JACOBS, Kenny | 3. Register Number<br>10663-067(F) | 4. Age (DOB)<br>39; 07-04-1967 |
|---|---|---|

5. Present Security/Custody Level
   SL-Low/IN

6. Offense/Violator Offense
   Conspiracy to Distribute and Possession with Intent to Distribute Five
   Kilograms and More of Cocaine and Crack Cocaine and a Quantity of
   Marijuana; Possession of a Firearm by a Convicted Felon

7. Sentence
   106 months (3559 PLRA) + 5 years Supervised Release; $200 felony
   assessment and $1,000 fine

| 8. Sentence Began<br>04-22-2002 | 9. Months Served +<br>   Jail Credit<br>58 mos.+ 329 days JCT | 10. Days GCT/or EGT/SGT<br>270 days awarded<br>415 days projected |
|---|---|---|
| 11. Days FSGT/WSGT/DGCT<br>0/0 days DGCT | 12. Projected Release<br>02-07-2009 via GCT | 13. Last USPC Action<br>N/A |

14. Detainers/Pending Charges
   BICE officials from Pittsburgh, PA, have lodged a deportation
   detainer.  Additionally, Interstate Parole Services, Pennsylvania
   Board of Probation and Parole, have lodged a detainer for a parole
   violation.  The maximum parole expiration date is May 30, 2007.

15. Co-defendants
   Please refer to the Presentence Investigation Report.

For continuation Pages, type on a blank sheet with the Inmate's Name,
Register No., and Date and attach to this form.

UNITED STATES DEPARTMEl   OF JUSTICE
FEDERAL BUREAU OF PRISONS

# PROGRESS    REPORT

JACOBS, Kenny            Reg. No.: 10633-067          04-03-07
                              Page 2

---

16.  **Institution Adjustment:** Inmate Jacobs has established and maintains a
     good adjustment at FCI Loretto.  He has maintained clear conduct
     throughout his federal confinement, and is not a management problem.
     This progress report is being prepared for triennial purposes.

a.   **Program Plan** - Inmate Jacobs was initially classified at FCI Loretto,
     on February 19, 2004.  He was recommended for participation in the
     Financial Responsibility Program, clear conduct, GED Program,
     Listening and Communication, Personal Trainer Program, CDL Class, and
     release savings.  He has been strongly encouraged to save money for
     release purposes throughout the review process.

b.   **Work Assignment** - Inmate Jacobs was initially assigned to the Electric
     Shop detail on February 12, 2004, before being reassigned to the
     UNICOR Cable Factory on May 14, 2004, where he remains to date.  He is
     currently evaluated as a good worker. Previous work reports reflect
     good performance.

c.   **Educational/Vocational Participation** -

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|----------|-------------|------------|-----------|------|----|----|-----|
| LOR | INTRO TO BUS. INDEP.STUDY | 02-27-2007 | 03-06-2007 | P | C | P | 20 |
| LOR | MS WORD,EXCEL,PWR PT TH-F 8-11 | 10-11-2005 | 03-10-2006 | P | C | C | 117 |
| LOR | INTRO KEYBOARDING;M&W1430-1530 | 08-17-2004 | 12-17-2004 | P | C | P | 20 |
| LOR | FINANCE&ACCTG/THURS/6-8/RM2 | 08-25-2004 | 10-22-2004 | P | C | P | 20 |

d.   **Counseling Programs** - Inmate Jacobs successfully completed the 40-Hour
     Mandatory Drug Abuse Education Program in August 2004.

e.   **Incident Reports** - None.

f.   **Institutional Movement** - Inmate Jacobs arrived at FCI Loretto, his
     designated facility, on January 28, 2004, to begin service of his
     federal sentence.  There has been no further movement since that time.

g.   **Physical/Mental Health** - Inmate Jacobs is currently assigned to
     regular duty work status with no medical restrictions. He indicates
     his present physical health is good.  He has shown no need for mental
     health intervention while incarcerated at this facility, and should be
     considered fully employable upon his release.  According to his PSI,
     he has abused drugs in the past.

UNITED STATES DEPARTMEL   OF JUSTICE
FEDERAL BUREAU OF PRISONS

### P R O G R E S S     R E P O R T

JACOBS, Kenny               Reg. No.: 10633-067           04-03-07
                               Page 3

___

h.   Progress on Financial Responsibility Program - Inmate Jacobs completed
     payment of his $200 felony assessment and $1,000 fine, with no further
     financial obligations.

17.  Release Planning:  Inmate Jacobs is an alien and a citizen of the
     British Indian Ocean Territory.  BICE authorities from Pittsburgh, PA,
     have lodged a deportation detainer for immigration violations.  It is
     anticipated he will be released to those officials on his projected
     release date.  He will need to establish both a residence and
     employment upon release from detaining authorities.

a.   Residence -    Nicole Jacobs, wife
                    919 Hay Street
                    York, PA 17403
                    (717) 854-0187

b.   Employment -   It is anticipated he will establish employment upon
                    release from detaining authorities.

c.   CUSPO -   Leonard R. Bogart, CUSPO
               Middle District of Pennsylvania
               U.S. Probation
               P.O. Box 805
               Harrisburg, PA 17108-0805

     Given the present BICE detainer, inmate Jacobs is not subject to
     release notifications under 18 USC 4042(b).

d.   Release Preparation Program - Inmate Jacobs is not mandated to
     participate in the Release Preparation Program due to his alien
     status.

Dictated by:  _____
              Michael C. Perehinec, Case Manager F


Reviewed by:  _____
              Doug Auman, Central Unit Manager


Date typed:   April 3, 2007/MCP/Laf

UNICOR
*Federal Prison Industries, Inc.*
*FCI LORETTO*
*(814) 472-4140*
*(814) 472-9915 FAX*

*MEMORANDUM*

DATE: October 12, 2007

REPLY TO
ATTN OF: R.GIBSON, Cable 1 Supervisor

SUBJECT: Work Performance – Inmate Jacobs, Kenny

To:  (F) Unit Team, Central File

As the Cable One Supervisor for The Federal Prison Industries, UNICOR LORETTO, I would like the opportunity to recognize Kenny Jacobs, Sr., Reg.# 10663-067 for his accomplishments at Unicor.

Inmate Jacobs works on Cable "1" as a Clerk as well as a Time Studies Clerk. Work Measurements and Tolerances are performed on each cable assemblies to show an estimate of time and labor needed to build one cable assembly by each inmate.  There are 26 individual operations in a Time Study Work Measurement and Jacobs display a broad application of knowledge of each one.

As the Cable One Supervisor for The Federal Prison Industries, UNICOR LORETTO, it is our job to afford the inmates the ability to obtain strong work ethics as well as marketable job skills.

As the Clerk for Cable One, Jacobs plans, organizes and completes all tasks in the shortest most efficient manner. He has knowledge in computer programs for Sap, Microsoft Office Word 2003, and Microsoft Office Excel 2003. He also worked part time in the Chemical Room, handling all chemicals reading Material Safety Data Sheets.

Jacobs is well prepared for the social interplay that goes hand and hand with electronics. He displayed an infectious zeal during his tenure as a Cable Builder/Clerk in the electronic field. He has aptly administered the fifty individuals in his area. Through his committed work, he has shown considerable ability for managing disparate forces both inside and outside the factory. He is rightly seeking additional challenge and since there are no opportunities in our system, it is only natural for him to look elsewhere.

I would like to express my gratitude, for the way Jacobs represents and coordinate together with staff and inmates to give the outstanding service and effort to our facility and customers. It has been a pleasure to have uninterrupted contact with this caliber of professionalism and with a person that knows and values good work ethics.

You can understand working in a prison industry that it is difficult to find this quality in people. It is individuals like Jacobs that make our jobs here that much more proficient. It is people like Jacobs that helped build UNICOR such an excellent reputation. I would like to commend Kenny Jacobs, Sr. for the service, professionalism and pride that he displays to UNICOR and our customers. This is one individual I know society will benefit from when he is released.

BP-A324.052
OCT 98
FEDERAL BUREAU OF PRISONS

## WORK PERFORMANCE RATING - INMATE

| Inmate's Name | Register No. | Unit |
|---|---|---|
| JACOBS, KENNY | 10663-067 | K05-286L |
| Evaluation Period | Work Assignment | |
| 09/30/06-03/31/07 | CABLE ONE | |

Bonus Justification


_____n\a_____
Signature and Date of Dept. Head Approval

_____Route to Dept. Head for Review, Then to Unit Team_____

### TEAM-F

Instructions: Check the best statement in each area. Base your rating on the inmates overall performance for the rating period-- neither the inmate's best day nor worst day--as compared to what is expected of a satisfactory worker in the assignment.

**A.  QUALITY OF WORK**
_____ 1. Unsatisfactory. Makes more errors than should for this level of training. Work must be redone.
_____ 2. Fair. Careless; makes mistakes and does not check work. Should do better work.
_____ 3. Satisfactory. Makes some mistakes but no more than expected at this level.
_____ 4. Good. Makes fewer mistakes than most inmates at this level of training. Does Journeyman level work.
__X__ 5. Outstanding. Does superior work.

**B.  QUANTITY OF WORK**
_____ 1. Unsatisfactory. Lazy, wastes time, goofs off.
_____ 2. Fair. Does just enough to get by. Has to be prodded occasionally.
_____ 3. Satisfactory. Works steadily but does not push self.
_____ 4. Good. Willing Worker. Does a full day's work and wastes little time.
__Y__ 5. Outstanding. Drives self exceptionally hard all the time.

**C.  INITIATIVE**
_____ 1. Unsatisfactory. Always waits to be told what to do. Needs help getting started.
_____ 2. Fair. Usually relies on others to say what needs to be done.
_____ 3. Satisfactory. Can adapt to changes in routine. Will start work without waiting to be told.
_____ 4. Good. Can plan own work well. Acts on own in most things. Doesn't wait to be told what to do.
__Y__ 5. Outstanding. Has good ideas on better ways of doing things.

**D.  INTEREST; EAGERNESS TO LEARN**
_____ 1. Poor. Shows no interest in job. Regards job as a drag or waste of time.
_____ 2. Fair. Shows minimal interest but not very eager to learn.
_____ 3. Satisfactory. Shows average amount of interest. Wants to learn own job but does not put forth extra effort.
_____ 4. Good. Above-average interest in job. Ask questions about own work and related work. May do extra work to improve skills.
__Y__ 5. Outstanding. Eager to master job. Wants to know everything there is to know about it. May read up on own time or volunteer to do things that will improve knowledge.

**E.  ABILITY TO LEARN**
_____ 1. Poor. Has very low aptitude and is very slow to learn. Even when given extra instruction unable to learn, no matter how hard trying.
_____ 2. Fair. Slow but it tries eventually will pick up the skills. Needs more instruction than most.
_____ 3. Average. No slower and no faster to learn than most inmates. Requires average amount of instruction.
_____ 4. Good. Learns rapidly. Good memory. Rarely makes the same mistake twice.
__Y__ 5. Outstanding. Very quick to learn. Excellent memory. Is learning much more rapidly than most inmates assigned here. Never makes the same mistake twice.

**F.  NEED FOR SUPERVISION; DEPENDABILITY; SAFETY; CARE OF EQUIPMENT**
_____ 1. Needs constant supervision. If left unsupervised will foul up, get in trouble, or wander off. Undependable.
_____ 2. Needs closer supervision than most. Not very dependable.
_____ 3. Average. Can be relied on for certain things but must be supervised by others. Usually prompt and dependable.
_____ 4. Needs little supervision. Good record of dependability an promptness.
__Y__ 5. No supervision required. Completely dependable in all things.

(This form may be replicated via WP)                                    Replaces BP-S324, OCT 94